1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE NORMA WILLS LIVING TRUST, | Case No. 2:21-CV-2262 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| ALAN JAMES WILLS, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff the Norma Wills Living Trust's ("Norma") motion to remand this matter back to the Eighth Judicial District Court in Clark County, Nevada. (ECF No. 4). Defendants Alan James Wills ("Wills"), Julie Boyer ("Boyer"), Dorsett Investment, LLC ("Dorsett"), Scarlet Investment, LLC ("Scarlet"), and Westex Investment, LLC ("Westex") (collectively "defendants") filed a response (ECF No. 5), to which Norma replied (ECF No. 7).

I.    **Background**

On June 30, 2021, Norma filed a complaint in the Eighth Judicial District Court in Clark County, Nevada, asserting claims against defendants related to real property. (ECF No. 1 ¶ 1). The complaint provides that Norma, "a California living trust entity . . . hereby files its [c]omplaint against the [d]efendants . . . ." (ECF No. 1-2 at 2). Defendants Dorsett, Scarlet, and Westex were served with a copy of the complaint on July 7, 2021, and defendants Wills and Boyer were served on August 9, 2021. (ECF No. 3 at 1–2).

On August 25, 2021, Boyer moved the state court to dismiss the complaint for lack of personal jurisdiction.[1] (ECF No. 1 ¶ 5). After two months of litigation, the state court ordered a

---

[1] The state court ordered an extended period of limited discovery on this issue, but did not rule on the issue before the matter was removed.

James C. Mahan
U.S. District Judge

1   mandatory case management conference, which was held on December 14, 2021.  (*Id.* ¶ 10).

2   Pursuant to that conference, the state court set a date for the parties' jury trial in 2023.  (*Id.*).

3       On December 29, 2021, more than two weeks after the conference and more than four

4   months after first being served with the complaint, defendants removed this matter to this court

5   on the basis of diversity jurisdiction.  (ECF Nos. 1, 3).  Three weeks later, on January 18, 2022,

6   Norma moved to remand this matter back to state court for lack of complete diversity.  (ECF No.

7   4).

## II.    Legal Standard

9       "'Federal courts are courts of limited jurisdiction,' possessing 'only that power

10  authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting

11  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Pursuant to 28

12  U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the

13  United States have original jurisdiction, may be removed by the defendant or the defendants, to

14  the district court of the United States for the district and division embracing the place where such

15  action is pending."  28 U.S.C. § 1441(a).

16      Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331,

17  1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the

18  complaint contains a cause of action that is within the original jurisdiction of the district court."

19  *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v.

20  Frailey*, 135 F.3d 648, 653 (9th Cir. 1998)).  Thus, "it is to be presumed that a cause lies outside

21  the limited jurisdiction of the federal courts and the burden of establishing the contrary rests

22  upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th

23  Cir. 2009).

24      Upon notice of removability, a defendant has thirty days to remove a case to federal court

25  once he knows or should have known that the case was removable.  *Durham v. Lockheed Martin

26  Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)).  Defendants are not

27  charged with notice of removability "until they've received a paper that gives them enough

28  information to remove."  *Id.* at 1251.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's

2  receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts

3  necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty

4  *Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)).  "Otherwise, the thirty-day

5  clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion,

6  order or other paper' from which it can determine that the case is removable."  *Id.* (quoting 28

7  U.S.C. § 1446(b)(3)).

8    A plaintiff may challenge removal by timely filing a motion to remand within thirty days

9  after the filing of the notice of removal.  28 U.S.C. § 1447(c).  On a motion to remand, the

10  removing defendant must overcome the "strong presumption against removal jurisdiction" and

11  establish that removal is proper.  *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d

12  564, 566 (9th Cir. 1992) (per curiam)).  Due to this strong presumption against removal

13  jurisdiction, the court resolves all ambiguity in favor of remand to state court.  *Id.*

14  **III.  Discussion**

15    The parties argue over whether complete diversity is established considering the

16  citizenship of the LLC defendants.  (ECF Nos. 4, 5).  However, the court need not rule on that

17  basis, considering that the removal of this matter is untimely.  *See* 28 U.S.C. § 1446(b)(2).

18    The basis for removal is the defendants' citizenship, a fact which was known to them

19  when they were first received the complaint in early August of 2021.  Yet rather than removing

20  within thirty days of service, defendants first opted to move for dismissal in state court.

21  Considering that the LLC defendants argue that each of them is a Nevada entity through their

22  members' citizenship, there is no question that defendants could determine that this matter was

23  removable from the face of the complaint which listed Norma as a California based entity.

24    Therefore, this matter was not timely removed, and the court REMANDS it.

25  **IV.  Conclusion**

26    Accordingly,

27    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Norma's motion to

28  remand (ECF No. 4) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that the matter of the *Norma Wills Living Trust, et al., v. Boyer, et al.*, case number 2:21-cv-02262-JCM-EJY, be, and the same hereby is, REMANDED to the Eighth Judicial District Court in Clark County, Nevada.

DATED May 5, 2022.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -